IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00115-GPG

LEROY W. BAKER,

    Plaintiff,

v.

RICK RAEMISCH, Director of Dept. of Corrections,
JAMES FAULK, Warden, Sterling Correctional Facility,
LT. HOFFMAN, Officer, Sterling Correctional Facility,
ZACHARY AUCOIN, Officer, Sterling Correctional Facility,

    Defendants.

---

ORDER DISMISSING COMPLAINT IN PART AND
DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

## I. Background

Plaintiff Leroy W. Baker is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Plaintiff initiated this action by filing a Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Pursuant to the Court's January 20, 2015 Order to Cure Deficiencies, Plaintiff has submitted a properly signed § 1915 motion, and the Court has granted leave to proceed pursuant to 28 U.S.C. § 1915.

## II. Analysis

The Court must construe the Prisoner Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint in part and direct Plaintiff to amend the remaining claims.

### A. Hoffman and Other Officers

First, Plaintiff's claims against Defendant Lieutenant Hoffman and six other unnamed officers are legally frivolous and will be dismissed. Plaintiff asserts that on one occasion, he knocked on the office door where Defendant Hoffman and six other officers were located, because he needed to turn in his library pass in return for his ID. Compl., ECF No. 1, at 2. Plaintiff further asserts that two of the officers opened the door, told Plaintiff not to knock on the door, and gave him his pass; but then one of the officers called him back to the office. *Id.* Lieutenant Hoffman told Plaintiff to sit in a chair and all officers and Lieutenant Hoffman yelled at him, but Plaintiff did not answer, which shocked Lieutenant Hoffman. *Id. 2-3.* Plaintiff also asserts that Lieutenant Hoffman "snatched" Plaintiff's hearing aid case from him, removed nineteen stamps from the case, and took Plaintiff's ID. *Id.* at 3. Plaintiff contends that when Lieutenant Hoffman took the stamps he told Hoffman he had rights; but he then feared for his life and knew the officers wanted to hurt him, especially when Lieutenant Hoffman told Plaintiff that "a coon don't have no rights." *Id.* Finally, Plaintiff asserts a "shake down slip" was completed for the stamps and he was told to leave. *Id.*

Plaintiff states he is charging Lieutenant Hoffman and the other officers with committing a hate crime and for violating DOC Administrative Regulation 1450-01 and Colo. Rev. Stat. §§ 18-8-404, 502, and 704 and § 18-9-111.

### i. Property

Plaintiff does not specifically assert a claim regarding the taking of his stamps and ID pursuant to 42 U.S.C. § 1983, but the Court must construe the property claims liberally, *see Haines*, 404 U.S. at 520-21. If Plaintiff is stating a violation of his Fourteenth Amendment rights, the United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), overruled on other grounds by *Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).

A prison grievance procedure is an adequate post deprivation remedy if the grievance procedure provides a meaningful remedy. *See Hudson*, 468 at 536 & n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982). If an administrative remedy exists, it has a "presumption of adequate due process" that "may stave off a facial attack." *Freeman v. Dep't of Corrs.*, 949 F.2d 360, 362 (10th Cir.1991). In order to overcome the presumption of adequacy, the complaint must state "specific facts" showing that the remedy was "unresponsive or inadequate." *Id.*; *see also Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) (affirming dismissal of plaintiff's due process deprivation of property claim, stating that "[i]n order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack

of an adequate state remedy"). Plaintiff does not allege facts to show that the DOC grievance procedure was unresponsive or inadequate.

Moreover, Plaintiff also has an adequate remedy available in state court under state law. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug.25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court.") (internal citations omitted). Accordingly, the Court finds that Plaintiff fails to state an arguable Fourteenth Amendment due process claim against any defendant regarding the alleged taking of his stamps and ID. Because Plaintiff has failed to state an arguable claim for deprivation of his constitutional rights, regarding the alleged taking of his stamps and ID, a claim pursuant to 42 U.S.C. § 1983 is dismissed as legally frivolous.

### ii. Threats and Discriminatory Remarks

No matter how inappropriate, verbal harassment and threats without more do not state an arguable constitutional claim. *See McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) ( "necessarily excluded from the cruel and unusual punishment inquiry" are "verbal threats and harassment); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Plaintiff claims he feared for his life because of the look on the faces of Lieutenant Hoffman and the other officers. If a verbal threat does not state a constitutional deprivation it is not possible that a facial expression would violate Plaintiff's constitutional rights.

Use of racial epithets are inexcusable and offensive but do not amount to a constitutional violation. *Moore v. Morris*, 116 F. App'x 203, *205 (10th Cir. 2004), Furthermore, Lieutenant Hoffman's assertion that Plaintiff did not have rights because of his race without an associated violation of Plaintiff's constitutional rights does not state a claim. *See Williams v. Kaufman County*, 352 F.3d 994, 1013 (5th Cir. 2003) ("We have impliedly held that racial epithets that accompany harassment or a violation of established rights may amount to a separate equal protection violation."); *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) ( unless the use of racially derogatory language is "pervasive or severe enough to amount to racial harassment," the language is not a Fourteenth Amendment violation); *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir.1989) (citing *Washington v. Davis*, 426 U.S. 229, 247–48 (1976)), *abrograted on other grounds by Harper v. Harris County, Tex.*, 21 F.3d 597 (5th.Cir 1994); *Cole v. Fischer*, 379 F. App'x. 40, 43 (2d Cir. 2010) ("When the verbal harassment and simultaneous physical abuse alleged in the amended complaint are considered together, we have little trouble concluding that plaintiff's allegations were sufficient to state a § 1983 claim for discrimination on the basis of race and religion."); *King v. City of Eastpointe*, 86 F. App'x. 790, 814 (6th Cir.2003) ("The use of racially discriminatory language can provide some evidence of a discriminatory purpose when that language is coupled with some additional harassment or constitutional violation."); *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir.1986) ("[W]hen the racially derogatory language is coupled with conduct infringing the prisoner's right to security of his person, an inference arises that the conduct was motivated by racial bias.").

Plaintiff fails to assert that the racial derogatory language was coupled with other conduct that violated his constitutional rights. This claim will be dismissed as legally frivolous.

### iii. Administration Regulation Violation

A failure to comply with AR 1450-01, alone, does not state a violation of Plaintiff's constitutional rights. In *Hovater v. Robinson,* 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer,* 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a constitutional violation." AR 1450-01 pertains to the ethical conduct of DOC employees. Nothing in AR 1450-01 pertains to the DOC employee's compliance with the U.S. Constitution. DOC employees' failure to comply with AR 1450-01, therefore, does not violate Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983, and, therefore, any claim asserted pursuant to AR 1450-01 is legally frivolous.

### iv. State Criminal Statute Violations

Plaintiff seeks to file "hate crime" charges against Defendants Hoffman and unknown officers pursuant to Colo. Rev. Stat. §§ 18-8-404, 502, and 704 and § 18-9-111. These statutes do not expressly or implicitly create a private cause of action. *See* Colo. Rev. Stat. §§ 18-8-404 (official misconduct is a class 2 misdemeanor); 18-8-404 (perjury in the first degree is a class 4 felony); 18-8-704 (intimidating a witness or victim is a class 4 felony); 18-9-111 (harassment, as defined by the statute, is a class 1 misdemeanor or a class 3 misdemeanor if commits harassment with intent to intimidate because of race, color, religion, ancestry, or national origin). "Where a statute does not provide for a private cause of action, a plaintiff may not pursue a claim for relief upon

the statute." *See Hardwood v. Brady*, 165 P.3d 871, 876 (Colo. App. 2007) (*citing Prairie Dog Advocates v. City of Lakewood*, 20 P.3d 1203 (Colo. App. 2000) (holding that plaintiff had no standing to bring claim against defendant under statute prohibiting poisoning of wildlife because statute does not create a private cause of action). "[A] plaintiff may not recover civil damages for an alleged violation of a criminal statute." *Shaw v. Niece*, 727 F.2d 947, 949 (10th Cir.1984). Finally, "a bare criminal statute, which contains absolutely no indication that a civil remedy is available, does not provide a basis from which to infer a private cause of action." *Breech v. Fed. Land Bank*, 647 F. Supp. 1097, 1099 (D. Colo. 1986) (internal quotation marks omitted). Plaintiff, therefore, is not able to state a claim in this Court based on violations of the identified State of Colorado criminal statutes.

### v. Retaliation

As for Plaintiff's claims that he has been retaliated against for filing civil causes of action, Plaintiff will be directed to amend this claim based on the following directives.

Plaintiff is required to assert personal participation by properly named defendants in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, to state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit, (the proper jurisdiction to address constitutional violation claims), against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

The Court further notes that Plaintiff's reliance on the Federal Tort Claims Act (FTCA) as jurisdiction for his claims is misplaced, because none of the named defendants are federal employees. 28 U.S.C. § 2679(b)(1) (The FTCA remedy against the United States is exclusively for torts committed by federal employees action within

the scope of their employment.)  Also Plaintiff's request to utilize the Englewood, Colorado, Federal Detention Center' library lacks merit.  Plaintiff does not have a *per se* right  to a prison library.  See *Casey v. Lewis*, 518 U.S. 343 (1996) (attempting to state a denial of court access, due to being denied access to the library, a plaintiff must plead he actually was impeded in his ability to conduct a particular case to state a violation of his rights)  Accordingly, it is

ORDERED that Plaintiff's claims against Defendant Lieutenant Hoffman and six other unnamed officers are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint, regarding the remaining retaliation claims, that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED March 17, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court